KIRBY AISNER & CURLEY LLP
*Attorneys for Rabbi Mayer Zaks*
700 White Plains Road, Suite 237
Scarsdale, New York 10583
(914) 401-9500
Julie Cvek Curley, Esq.
Email: jcurley@kacllp.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
In re:

MOSDOS CHOFETZ CHAIM, INC.,

Chapter 11
Case No. 12-23616 (rdd)
Post-Confirmation

                    Debtor.
-----------------------------------------------------X
RABBI MAYER ZAKS,

                    Plaintiff.       Adv. Pro. No.
        -against-

MOSDOS CHOFETZ CHAIM, INC. and
RABBI ARYEH ZAKS,

                    Defendants.
-----------------------------------------------------X

**ADVERSARY PROCEEDING FOR VACATUR OF THE
CONFIRMATION ORDER PURSUANT TO 11 U.S.C. §1144**

Plaintiff Rabbi Mayer Zaks ("Rabbi Mayer" or "Plaintiff"), as and for his Complaint against defendants Mosdos Chofetz Chaim Inc. (the "Debtor") and Rabbi Aryeh Zaks ("Rabbi Aryeh", together with the Debtor, the "Defendants"), allege as follows:

**PRELIMINARY STATEMENT**

1.      The Plaintiff brings this action for plan revocation based upon the Defendants' fraud in the procurement of a bankruptcy confirmation order. In connection with the solicitation

and confirmation process of the Plan, the Defendants were involved in the submission of fraudulent voting ballots in support of the Plan.

## THE PARTIES

2. Rabbi Mayer is an individual whose residence is located at 14 Cloverdale Road, Monsey, New York.

3. Rabbi Mayer is the co-manager of the Debtor.

4. The Debtor is a corporation organized under the New York Religious Corporation Law, whose principal place of business is located at 50 Grandview Avenue, a/k/a 1-60 Kiryas Radin Drive, New Hempstead, New York 10977, Town of Ramapo, designated on the Tax Map as Section 41.20, Block 2, Lot 40 (the "Property").

5. Defendant Rabbi Aryeh is an individual whose residence is located at 18 Mountain Avenue a/k/a 67 Remsen Avenue, Monsey, New York.

6. Rabbi Aryeh is the is the co-manager of the Debtor.

## JURISDICTION AND VENUE

7. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. This action is a "core" proceeding under 28 U.S.C. § 157(b)(2) and venue is proper pursuant to 28 U.S.C. § 1409.

## FACTUAL BACKGROUND

**A.     Procedural Background**

8. The Debtor commenced a proceeding under Chapter 11 of the Bankruptcy Code on September 6, 2012 (the "Chapter 11 Case").

9. No trustee, examiner or statutory committee has been appointed in this Chapter 11 Case.

10. To further the Debtor's purposes, the Debtor developed the Property as a religious campus with a Synagogue and Yeshiva at the center of the campus and adult student housing facilities surrounding the Synagogue and Yeshiva for its students and their families.

11. The Debtor filed initial versions of the Plan and Disclosure Statement on July 17, 2019 and August 9, 2019.

12. On August 16, 2019, the Debtor filed its Second Amended Disclosure Statement dated August 15, 2019 (the "Disclosure Statement", Dkt. No. 286).

13. On August 16, 2019, the Debtor filed its Second Amended Plan dated August 15, 2019 (the "Plan", Dkt. No. 283).

14. After a hearing on the same date, the Disclosure Statement was approved on August 16, 2019, and the voting deadline in respect of the Plan was set for September 25, 2019 (the "Voting Deadline").

15. In connection with the approval and confirmation of the Plan, the Debtor filed an *Attorney's Certification of Acceptances and Rejections of Second Amended Plan of Reorganization of Mosdos Chofetz Chaim, Inc.*, which annexed to it the voting ballots submitted in connection with the Plan (the "Ballot Certification", Dkt. No. 304).

16. Further, to support confirmation of the Plan, the Debtor filed the *Declaration of Rabbi Aryah Zaks in Support of Confirmation of Second Amended Plan of Reorganization of Mosdos Chofetz Chaim, Inc.* (the "Plan Declaration", Dkt. No. 303).

17. Following a hearing held on October 2, 2019, by Order dated October 2, 2019, the Plan was approved (the "Confirmation Order", Dkt. No. 308).

18. The Effective Date of the Plan was October 17, 2019 (the "Effective Date").

19. Upon information and belief, Rabbi Aryeh Zaks, perpetrated a fraud on the Debtor and the congregants of the Debtor by partaking in a long planned deliberate scheme to steal the Property for his sole benefit and enjoyment.

20. Notwithstanding any showing that the Debtor was unable to make the payment under the Plan to the Class 3 TBG Radin Secured Claim, a mere seven (7) days after the Effective Date of the Plan, the Property was "sold" and transferred to Congregation Radin Development Inc.

21. Upon information and belief, Rabbi Aryeh has committed frauds on behalf of the Debtor in connection with the solicitation and confirmation process of the Plan, as well as additional abhorrent frauds post-confirmation, which conduct was for his own sole pecuniary benefit, to the exclusion and determent of the Debtor and its congregation.

22. Upon information and belief, Rabbi Aryah orchestrated the preparation and submission of fraudulent voting ballots in order to obtain confirmation of the Plan.

23. Upon information and belief, Rabbi Aryeh orchestrated the forged signature of creditor Munish Weintraub, a copy of which is annexed as **Exhibit A** (the "Fraudulent Ballot").

24. Upon information and belief, Rabbi Aryeh used his own personal address on the Fraudulent Ballot he submitted on behalf of Munish Weintraub.

25. The Debtor and Rabbi Aryeh relied upon the Fraudulent Ballot in submitting the Plan Declaration in support of confirmation of the Plan.

26. Relying upon the Fraudulent Ballot, the Court confirmed the Plan and entered the Confirmation Order.

27. Following the Effective Date of the Plan, the Debtor "sold" the Property to an entity owned and/or controlled by Rabbi Aryeh.

4

28. The transfer of the Property left the Debtor with no assets and no ability to make payments to its unsecured creditors under the Plan.

## CAUSE OF ACTION FOR PLAN REVOCATION

29. Pursuant to 11 U.S.C. § 1144, the Court may revoke an order of confirmation if such order was procured by fraud.

30. The Debtor's confirmation order was procured by fraud, including with respect to the submission of a forged Fraudulent Ballot.

31. Based on the facts laid out above, the Plaintiff requests that the Court revoke the Debtor's Confirmation Order on the grounds that it was procured by fraud.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that the Court enter a judgment (i) revoking confirmation of the Debtor's Plan, (ii) revoking the Debtor's discharge, (iii) granting the Plaintiff's costs and fees, and (iv) granting such other relief as is just and proper.

Dated: Scarsdale, New York
March 30, 2020

KIRBY AISNER & CURLEY LLP
*Attorneys for Rabbi Mayer Zaks*
700 Post Road, Suite 237
Scarsdale, New York 10583
(914) 401-9500

By: */s/ Julie Cvek Curley*
　　 Julie Cvek Curley